IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES EARL ROBERTS, JR., | : | PRISONER HABEAS CORPUS |
| GDC # 1295290, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
|     v. | : | |
| | : | |
| GRADY PERRY, Warden, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:14-CV-781-WSD-GGB |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner, James Earl Roberts, Jr., confined in the Coffee Correctional Facility in Nicholls, Georgia, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in order to challenge his November 3, 2008, convictions in the Fulton County Superior Court. [Doc. 10].

Commissioner Brian Owens of the Georgia Department of Corrections has filed a motion to intervene as party respondent because Petitioner is housed in a private prison. [Doc. 17 at 1-2]. Petitioner has filed a response in opposition to the motion to intervene. [Doc. 21]. "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." 28 U.S.C. foll. § 2254, Rule 2(a). The proper respondent is either the warden of Petitioner's institution or "the chief officer in charge of state penal institutions." *Id.*, Advisory Committee Notes. Because Respondent Grady Perry is

the warden of a private prison, the state officer who has custody of Petitioner is the Commissioner, the chief officer in charge of Georgia's penal institutions. *See* O.C.G.A. § 42-2-6(a). Accordingly, the Commissioner's motion to intervene as party respondent [Doc. 17] is **GRANTED**.

The matter is presently before me on the Commissioner's motion to dismiss this action as untimely. [Doc. 16]. Petitioner has filed responses in opposition to the motion to dismiss [Docs. 22 and 23], as well as a "motion to correct record" [Doc. 24], which concerns an omitted page number in one of his responses. For good cause shown, Petitioner's "motion to correct record" [Doc. 24] is **GRANTED**. For the reasons discussed below, I recommend that the Commissioner's motion to dismiss be granted.

I.    Procedural History

On November 3, 2008, Petitioner pleaded guilty to ten counts of aggravated child molestation and six counts of child molestation. [Doc. 18-4 at 3]. Petitioner was sentenced to twenty years imprisonment, suspended after ten years, followed by ten years probation. [*Id.*; Doc. 16-1 at 2]. Petitioner did not appeal.

On August 12, 2009, Petitioner filed a habeas corpus petition in the Johnson County Superior Court. [Doc. 18-3 at 4]. The petition was subsequently transferred to the Coffee County Superior Court and denied in a final order filed on

2

August 13, 2013. [Doc. 18-4 at 1]. The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on January 6, 2014, and denied his motion for reconsideration on January 27, 2014. [Docs. 18-5 and 18-6].

Petitioner executed his § 2254 petition on June 17, 2014. [Doc. 10 at 8]. Petitioner asserts that (1) he did not receive a speedy trial (ground one), (2) his convictions constitute a double jeopardy violation (ground two), (3) he was falsely arrested and imprisoned (ground three), (4) he received ineffective assistance of counsel (ground four), (5) the state habeas court improperly denied a continuance (ground five), and (6) the state trial court improperly denied his motion to quash the second indictment (ground six). [*Id.* at 5-6, 7]. The Commissioner moves to dismiss this action as untimely because Petitioner executed his § 2254 petition after the expiration of the one-year statute of limitations. [Doc. 16].

II.   Discussion

A § 2254 petition is subject to the one-year statute of limitations provided by 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of the dates on which (A) Petitioner's convictions became final; (B) a State impediment to filing Petitioner's federal habeas petition was removed; (C) a constitutional right on which Petitioner relies was recognized by the United States Supreme Court, if the

3

right has been newly recognized and made retroactively applicable to cases on collateral review; or (D) Petitioner, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

In this case, there is no claim that the circumstances set forth in subparagraphs (C) and (D) of § 2244(d)(1) apply. The Commissioner focuses on subparagraph (A), arguing that Petitioner executed his § 2254 petition more than one year after his convictions became final. [Doc. 16]. Petitioner argues that a State impediment prevented him from filing a timely petition. [Doc. 6 at 1-6; Doc. 10-2 at 1-3; Doc. 22 at 1-4; Doc. 23 at 1-7]. Therefore, it appears that Petitioner argues in favor of the applicability of subparagraph (B) as well as equitable tolling.

### A.   28 U.S.C. § 2244(d)(1)(A)

Following his guilty plea and sentencing on November 3, 2008, Petitioner had thirty days in which to file a notice of appeal pursuant to O.C.G.A. § 5-6-38(a). Petitioner did not do so, and the thirty-day period expired on December 3, 2008. Petitioner's convictions thus became final on that date. *See Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). Petitioner waited 252 days, until August 12, 2009, to file his state habeas petition in Johnson County. At that time, Petitioner

4

had 113 days remaining in which to file a § 2254 petition.  *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003) (per curiam).

A tolling period exists for the time during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  There is no dispute that Petitioner's state habeas petition was properly filed and the time during which it was pending was statutorily tolled.  Upon the denial of that petition on August 13, 2013, Petitioner filed a timely application for a certificate of probable cause.  The Georgia Supreme Court denied Petitioner's application on January 6, 2014, and denied his motion for reconsideration on January 27, 2014.

The statute of limitations expired 113 days later, on May 20, 2014.  *See Stafford*, 328 F.3d at 1303.  Petitioner executed his § 2254 petition twenty-eight days late, on June 17, 2014.  Therefore, under 28 U.S.C. § 2244(d)(1)(A), the petition is untimely.

  B. <u>28 U.S.C. § 2244(d)(1)(B) and Equitable Tolling</u>

Petitioner argues that a State impediment prevented him from filing a timely § 2254 petition.  [Doc. 6 at 1-6; Doc. 10-2 at 1-3; Doc. 22 at 1-4; Doc. 23 at 1-7].  Petitioner alleges that he was incorrectly transferred from the Coffee Correctional Facility to the Fulton County Jail on January 28, 2014, because the State confused

5

him with another inmate who has a similar name.  [Doc. 22 at 1-3; Doc. 23 at 2-3].  Petitioner states that he was required to leave his property, including his § 2254 petition, at the Coffee Correctional Facility.  [Doc. 10-2 at 2; Doc. 23 at 4].

Petitioner initiated this action by submitting a letter dated March 14, 2014, in which he asked for an extension of time to file a § 2254 petition.  [Doc. 1 at 2].  On March 31, 2014, I directed the Clerk to send Petitioner a habeas petition, and I ordered Petitioner to complete and submit the petition within thirty days.  [Doc. 2].  Because Petitioner failed to comply with my Order, I recommended that this action be dismissed without prejudice on May 14, 2014.  [Doc. 3].  Petitioner states that he was released from the Fulton County Jail on May 29, 2014.  [Doc. 23 at 2].  Petitioner executed his § 2254 petition on June 17, 2014, and submitted it to the Court.  [Doc. 10 at 8].  The Court then referred the case back to me, and I withdrew my recommendation regarding dismissal.  [Doc. 9 at 1-2].

Under 28 U.S.C. § 2244(d)(1)(B), the one-year statute of limitations runs from the date on which a State impediment to filing Petitioner's federal habeas petition was removed.  Petitioner must show that the alleged impediment, namely, his transfer to the Fulton County Jail, actually harmed him.  *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000).  Petitioner fails to make the necessary showing because he could have completed and submitted the habeas petition that

6

the Clerk mailed to him with my Order dated March 31, 2014.  If Petitioner had executed the petition within thirty days, in compliance with my Order, the petition would have been timely.  Petitioner offers no explanation for his failure to comply.  Therefore, Petitioner's transfer to the Fulton County Jail did not actually harm him.  Petitioner also fails to explain why he allowed 252 of the 365 days in the federal limitations period to elapse between the date on which his convictions became final in 2008 and the date on which he filed his state habeas petition in 2009.  I conclude that § 2244(d)(1)(B) does not apply in this case.

"Equitable tolling is appropriate when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).  However, "periods in which a prisoner is separated from his legal papers are not extraordinary circumstances in which equitable tolling is appropriate."  *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (relying upon *Akins*, 204 F.3d at 1089-90) (internal quotation marks omitted).  In addition, Petitioner failed to act diligently because he did not timely comply with my Order dated March 31, 2014, and he allowed 252 of the 365 days in the federal limitations period to elapse between the date on which his convictions became final in 2008

7

and the date on which he filed his state habeas petition in 2009.  Therefore, I conclude that Petitioner is not entitled to equitable tolling.

In ground three of his § 2254 petition, Petitioner claims that he was falsely arrested and imprisoned, but he fails to argue that he is actually innocent.[1]  [*See* Doc. 10-1 at 32; Doc. 23-1 at 7].  Accordingly, the Commissioner's motion to dismiss this action as untimely should be granted.

III.    Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right

---

[1] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a petitioner's] failure timely to file" a habeas petition.  *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam).  To demonstrate actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Id.* at 327.

"includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A certificate of appealability should be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a certificate of appealability, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2254, Rule 11(a).

IV.   Conclusion

Based on the foregoing, I **ORDER** that the Commissioner's motion to intervene as party respondent [Doc. 17] and Petitioner's "motion to correct record" [Doc. 24] are **GRANTED**. I **RECOMMEND** that the Commissioner's motion to

9

dismiss [Doc. 16] be **GRANTED**, this § 2254 action be **DISMISSED** as untimely, and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO ORDERED AND RECOMMENDED**, this 21st day of November, 2014.

                          *Gerrilyn G. Brill*
                          GERRILYN G. BRILL
                          UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)