IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES EARL ROBERTS, JR.,

          Petitioner,

v.

GRADY PERRY, Warden,

          Respondent.

1:14-cv-781-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R") [25], following her review of Commissioner Brian Owens's ("Commissioner") motion to dismiss [16] petitioner James Earl Roberts, Jr.'s ("Petitioner") petition for writ of habeas corpus [10].

### I.   BACKGROUND

On November 3, 2008, Petitioner pleaded guilty to ten (10) counts of aggravated child molestation and six (6) counts of child molestation. ([18] at 3). He was sentenced to twenty (20) years imprisonment, suspended after ten years, followed by ten years probation. (Id.; [16-1] at 2). Petitioner did not appeal.

On August 12, 2009, Petitioner filed a petition for writ of habeas corpus in the Johnson County Superior Court. ([18-3] at 4). The petition was transferred to

the Coffee County Superior Court, and was denied on August 13, 2013.  ([18-4] at 1).  On January 6, 2014, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal [18-5], and on January 27, 2014, denied his motion for reconsideration [18-6].

Petitioner claims that he was incorrectly transferred from the Coffee Correctional Facility to the Fulton County Jail on January 28, 2014, because the State confused him with another inmate with a similar name.  ([22] at 1-3; [23] at 2-3).  He states that he was required to leave his property, including his Section 2254 petition, at the Coffee Correctional Facility.  ([23] at 4; Pet. Obj. [27] at 1-2).

On March 17, 2014, Petitioner submitted a letter [1] to the Court in which he asked for an extension of time to file a Section 2254 petition.  On March 31, 2014, the Magistrate Judge issued an order [2] (the "Order") directing the Clerk to send Petitioner a habeas petition, ordering Petitioner to submit the petition within thirty (30) days, and cautioning Petitioner that the action may be dismissed if he failed to comply with the Order.

Petitioner claims that he was released from the Fulton County Jail on May 29, 2014.  ([23] at 2).  Petitioner further claims that he did not receive the Order and habeas petition forms until June 12, 2014, because they were sent to the Coffee Correctional Facility rather than the Fulton County Jail.

On June 17, 2014, Petitioner submitted a petition for writ of habeas corpus under 28 U.S.C. § 2254. ([10] at 8). He asserts that (1) he did not receive a speedy trial (ground one), (2) his conviction constitutes a double jeopardy violation (ground two), (3) he was falsely arrested and imprisoned (ground three), (4) he received ineffective assistance of counsel (ground four), (5) the state habeas court improperly denied a continuance (ground five), and (6) the state trial court improperly denied his motion to quash the second indictment (ground six). (Id. at 5-6, 7).

On September 18, 2014, the Commissioner moved to intervene as party respondent [17] because Petitioner is housed in a private prison and thus the Commissioner has authority over Petitioner. The same day, the Commissioner filed a motion to dismiss Petitioner's petition as untimely. On October 6, 2014, Petitioner filed responses [22, 23] to the motion to dismiss, arguing that a State impediment prevented him from filing a timely Section 2254 petition. ([22] at 1-4; [23] at 1-7).

On November 21, 2014, the Magistrate Judge issued her R&R, granting the Commissioner's motion to intervene as party respondent, and recommending that the Commissioner's motion to dismiss be granted. The Magistrate Judge based her recommendation on a finding that Petitioner executed his Section 2254 petition

twenty-eight (28) days late, and that a State impediment and equitable tolling did not apply to save the petition. (R&R at 5-7).

On December 8, 2014, Petitioner filed his objections to the R&R, arguing that his transfer to Fulton County Jail and resulting problems in receiving the Order constituted a State impediment and justified equitable tolling of the limitation period. On May 5, 2015, Petitioner filed a document titled "Affidavit to Amend and Add Grounds to Original Habeas Corpus 28 USC 2254," [28] which the court construes as a Motion to Amend Petitioner's Habeas Petition ("Motion to Amend"). On August 20, 2015, Petitioner filed his Motion to Compel [31] ("Motion to Compel") the State to provide certain documents that Petitioner claims support his Motion to Amend.

## II.  DISCUSSION

### A.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    <u>Analysis</u>

        1.    *Section 2244 Statute of Limitations*

A Section 2254 petition is subject to the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of the dates on which (A) Petitioner's conviction became final; (B) a state impediment to filing Petitioner's federal habeas petition was removed; (C) a constitutional right on which Petitioner relies was recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (D) Petitioner, with due diligence, could have discovered the facts supporting his claims. <u>See</u> 28 U.S.C. § 2244(d)(1).

The Commissioner focuses on subparagraph (A) in arguing that Petitioner executed his Section 2254 petition more than one (1) year after his conviction became final. ([16]). Petitioner argues that a state impediment prevented him from filing a timely petition. ([22] at 1-4; [23] at 1-7; Pet. Obj. 1-3). The Court agrees with the Magistrate Judge that it appears Petitioner argues that subparagraph (B) applies, as well as equitable tolling.

Petitioner did not file a notice of appeal within thirty days of his November 3, 2008, guilty plea.  O.C.G.A. § 5-6-38(a).  The thirty (30) day appeals period expired on December 3, 2008, and his conviction became final on that date.  See Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002).  Petitioner had one (1) year from this date to file his Section 2254 petition.  See 28 U.S.C. § 2244(d)(1).  On August 12, 2009—252 days after his conviction became final—he filed his state habeas petition.  When the state petition was filed, Petitioner had 113 days remaining in which to file a Section 2254 petition.  See Stafford v. Thompson, 328 F.3d 1302, 1303 (11th Cir. 2003) (per curiam).

The Magistrate Judge noted that there is no dispute that Petitioner's state habeas petition was properly filed and the time during which it was pending statutorily tolled the limitation period for filing his federal habeas petition.  (R&R at 5; see 28 U.S.C. § 2244(d)(2)).  After the state habeas petition was denied, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause on January 6, 2014, and denied his motion for reconsideration on January 27, 2014.  The statute of limitations, no longer tolled, expired 113 days later, on May 20, 2014.  See Stafford, 328 F.3d at 1303.  Petitioner executed his Section 2254 petition on June 17, 2014, twenty-eight (28) days late.  It does not

appear that Petitioner objects to this finding in the Magistrate Judge's R&R.  The Court finds no plain error in this finding.

> 2. *28 U.S.C. § 2244(d)(1)(B) and Equitable Tolling of the One Year Statute of Limitations*

Petitioner appears to argue, under 28 U.S.C. § 2244(d)(1)(B), that the one-year statute of limitations should run from the date on which a state impediment to filing a federal habeas petition was removed.  Petitioner must show that the alleged impediment, namely his transfer to Fulton County Jail, actually harmed him.  See Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) ("[M]ere inability of a prisoner to access the law library is not, in itself an unconstitutional impediment.").  "The inmate must show that [the claimed impediment] caused an actual harm, or in other words, unconstitutionally prevented him from exercising [his] fundamental right of access to the courts."  Id. (citation omitted).

The Magistrate Judge found that Petitioner failed to make the necessary showing of actual harm because "he could have completed and submitted the habeas petition that the Clerk mailed to him" with the Order.  (R&R at 6-7).  She noted that "Petitioner offers no explanation for his failure to comply."  (Id. at 7).  She also found, "Petitioner also fails to explain why he allowed 252 of the 365 days in the federal limitations period to elapse between the date on which his

7

conviction became final in 2008 and the date on which he failed his state habeas petition in 2009." (Id.).

Petitioner argues that the Order was sent to the Coffee Correctional facility and that Petitioner did not receive it until June 12, 2014. (Pet. Obj. at 2-3). Assuming Petitioner's version of the facts is true, Petitioner has still failed to show actual harm. Petitioner's alleged failure to receive the Order until June 2014—though unfortunate—did not cause him to miss meeting the statutory one-year deadline. As explained above, the one-year deadline expired on May 20, 2015, and Petitioner did not file his habeas petition by this date. The Order did not grant Petitioner any additional time to file his habeas petition. The Order was unknown to Petitioner until June 2014, and his alleged failure to receive it until that time did not prohibit him, and does not excuse him, from filing a habeas petition by May 20, 2014.

Petitioner also has not shown that he was unable to file a habeas petition while at the Fulton County Jail. Petitioner claims that "the county jail refused to supply Petitioner with writing materials and [he] was required to borrow a piece of paper and pen from fellow detainees in order to write the court . . . requesting the extension of time." (Pet. Obj. at 2). His ability to petition the court for an

8

extension of time, however, shows clearly that he was capable of filing a habeas petition while at the Fulton County Jail.

Petitioner also claims he was denied access to a law reference library, and suggests this inhibited his ability to file his petition. (Pet. Obj. at 1-2). However, "access to the law libraries is not required of prisons," and the "mere inability of a prisoner to access the law library is not, in itself an unconstitutional impediment." Akins, 204 F.3d at 1090. Petitioner has not shown that he was "unconstitutionally prevented him from exercising [his] fundamental right of access to the courts." Id. Petitioner thus has not shown a state impediment, and the statute of limitations began running on the date Petitioner's conviction became final. 28 U.S.C. § 2244(d)(1).

Petitioner next appears to argue that extraordinary circumstances require the application of equitable tolling to the one-year statute of limitations. "Equitable tolling is appropriate when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). Equitable tolling is an "extraordinary remedy which is typically applied sparingly." Dodd v. United States, 365 F.3d 1273, 1282 (11th Cir. 2004) (quotation marks and citation omitted).

Petitioner's equitable tolling arguments fail for reasons similar to his state impediment arguments. His equitable tolling arguments center on his transfer to Fulton County Jail and his separation from his legal materials. (Pet. Obj. at 1-2). However, "periods in which a prisoner is separated from his legal papers are not extraordinary circumstances in which equitable tolling is appropriate." <u>Dodd</u>, 365 F.3d at 1283 (quotation marks omitted). Petitioner failed to act diligently by not following up with the Magistrate Judge when he allegedly did not receive any response to his request for an extension of time to file a petition. The request for an extension of time shows Petitioner knew the one-year deadline was approaching, yet he waited nearly three months to file his petition. Petitioner also failed to act diligently because he could have filed a timely petition instead of a request for extension of time when he was at Fulton County Jail.

To the extent Petitioner argues that his failure to receive the Order warrants equitable tolling, Petitioner's argument fails. Failure to receive the Order—which did not grant Petitioner an extension or time or otherwise enable Petitioner to timely file—is not an extraordinary circumstance. <u>Compare</u> <u>Mazola v. U.S.</u>, 294 Fed. App'x 480, 482 (11th Cir. 2008) (upholding lower court finding of extraordinary circumstances where petitioner was "hospitalized for pneumonia and tuberculosis") <u>with</u> <u>Paulcin v. McDonough</u>, 295 Fed. App'x 211, 213 (11th Cir.

10

2007) (inmate's transfer to county jail and denial of access to his legal papers and law library did not constitute extraordinary circumstances).  In addition, Petitioner's failure to receive the Order did not cause him to file his habeas petition after the statutory deadline.  See San Martin v. McNeil, 520 F.3d 1311, 1323 (11th Cir. 2008) (extraordinary circumstance requires a causal connection between the circumstance and the late filing).  Petitioner simply has not established that equitable tolling is appropriate under these circumstances.[1]

Because the one-year deadline runs from the date Petitioner's conviction became final, and because equitable tolling does not apply, the deadline for Petitioner to file his habeas petition was May 20, 2014.  Petitioner filed his petition after the one-year deadline, and, as a result, the Commissioner's motion to dismiss

---

[1] To the extent Petitioner argues that his June 2014 receipt of the Order granted him an *additional* thirty (30) days in which to file, Petitioner's argument fails.  The deadline to file his habeas petition was May 20, 2014, and therefore there was no time left to toll in June 2014.  His receipt of the Order could not extend the statutory deadline or otherwise revive his ability to file a habeas petition. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that "[a] state-court petition like [petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled," and noting that petitioner argued "not merely for the tolling of the period, but for its reinitiation").

is required to be granted.[2]

### 3. *Certificate of Appealability*

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has denied a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural rulings," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The Court agrees with the Magistrate Judge's conclusion that the decisive procedural issue, the one-year statute of limitations, is not debatable, and that a COA should not be issued.

---

[2] As a result of the Court's finding that Petitioner filed his petition after the one-year limitation period, Petitioner's Motion to Amend and Motion to Compel are denied as moot.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Objection [27] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [25] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion to Dismiss [16] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend [28] and Motion to Compel [31] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 18th day of September 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE