## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**JAMES EARL ROBERTS, JR.,**

          **Petitioner,**

    **v.**                           **1:14-cv-781-WSD**

**GRADY PERRY, Warden,**

          **Respondent.**

## OPINION AND ORDER

This matter is before the Court on James Earl Roberts, Jr.'s ("Petitioner")

Motion for Reconsideration [34], Motions to Amend Habeas Corpus

Petition [35, 36], Motions to Hold Action in Abeyance until Petitioner can Exhaust

all State Remedies [37, 38], and Motions to Amend [39, 40].

## I.    BACKGROUND

On November 3, 2008, Petitioner pled guilty to ten (10) counts of

aggravated child molestation and six (6) counts of child molestation.  ([18.4] at 3).

He was sentenced to twenty (20) years, with the first ten (10) years to be served in

prison and the remainder to be served on probation.  (Id.; [16.1] at 2).  Petitioner

did not appeal.

On August 12, 2009, Petitioner filed, in the Superior Court of Johnson County, an application for writ of habeas corpus.  ([18.3] at 4).  The petition was transferred to the Superior Court of Coffee County, and was denied on August 13, 2013.  ([18.4]).  On January 6, 2014, the Georgia Supreme Court denied [18.5] Petitioner's application for a certificate of probable cause to appeal and, on January 27, 2014, denied [18.6] his motion for reconsideration.

On January 28, 2014, Petitioner allegedly was transferred, in error, from Coffee Correctional Facility to Fulton County Jail, because the State confused him with another inmate with a similar name.  ([22] at 1-3; [23] at 2-3).  Petitioner claims that he was required to leave his property, including his federal habeas petition, at Coffee Correctional Facility.  ([23] at 4; Pet. Obj. [27] at 1-2).

On March 17, 2014, Petitioner submitted a letter [1] to the Court, seeking an extension of time to file a federal habeas petition.  He listed Coffee Correctional Facility as his return address.  On March 31, 2014, Magistrate Judge Gerrilyn G. Brill denied [2] Petitioner's request, explaining that Petitioner "must satisfy the one-year statute of limitations in 28 U.S.C. § 2244(d)."  ([2] at 1).  The Magistrate Judge declined to rule on the timeliness of Petitioner's federal habeas petition because Petitioner had not presented a record sufficient to evaluate  the timeliness of Plaintiff's petition.  The Magistrate Judge directed the Clerk to send

Petitioner a habeas petition, ordered Petitioner to file his habeas petition within thirty (30) days, and cautioned Petitioner that the case could be dismissed if he did not comply with the Order or keep the court advised of his current address.

On May 29, 2014, Petitioner appears to have been released from Fulton County Jail. ([23] at 2). Petitioner claims that he did not receive the March 17, 2014, Order ("March Order") and habeas petition forms until June 12, 2014, because they were sent to Coffee Correctional Facility rather than to the Fulton County Jail.

On June 17, 2014, Petitioner executed his federal Petition for Writ of Habeas Corpus [10]. He asserted that (1) he did not receive a speedy trial, (2) his conviction constitutes a double jeopardy violation, (3) he was falsely arrested and imprisoned, (4) he received ineffective assistance of counsel, (5) the state habeas court improperly denied a continuance, and (6) the state trial court improperly denied his motion to quash the second indictment. ([10] at 5-7).

On September 18, 2014, Georgia Department of Corrections Commissioner Brian Owens (the "Commissioner") moved to intervene as party respondent [17]. The same day, the Commissioner filed his Motion to Dismiss Petition as Untimely [16] ("Motion to Dismiss"). On October 6, 2014, Petitioner filed responses [22, 23] to the Motion to Dismiss, arguing that a State impediment

prevented him from filing a timely habeas petition and that he was entitled to equitable tolling.

On November 21, 2014, the Magistrate Judge issued her Final Report and Recommendation [25] ("R&R"), granting the Commissioner's Motion to Intervene as Party Respondent, and recommending that the Commissioner's Motion to Dismiss be granted. The Magistrate Judge found that Petitioner executed his federal habeas petition twenty-eight (28) days late, that a State impediment did not prevent him from filing a timely habeas petition, and that equitable tolling was not warranted. (R&R at 5-7).

On December 8, 2014, Petitioner filed his Objections [27] to the R&R, arguing again that a State impediment prevented him from timely filing his habeas petition. He stressed (1) that he was transferred, in error, from Coffee Correctional Facility to Fulton County Jail, (2) that he was required to leave his legal materials at Coffee Correctional Facility, (3) that Fulton County Jail did not give him writing materials or access to a law library, and (4) that the March Order and habeas petition forms were sent to Coffee Correctional Facility and that he did not receive them until after the statute of limitations expired. On September 18, 2015, the Court overruled Petitioner's Objections, adopted the R&R, and granted the Commissioner's Motion to Dismiss.

On October 1, 2015, Petitioner, proceeding *pro se*, filed his Motion for Reconsideration, repeating his argument that equitable tolling is warranted and that a State impediment prevented him from timely filing his habeas petition. He again asserts (1) that he was transferred, in error, from Coffee Correctional Facility to Fulton County Jail, (2) that he was required to leave his legal materials at Coffee Correctional Facility, (3) that Fulton County Jail did not give him writing materials or access to a law library, and (4) that the March Order and habeas petition forms were sent to Coffee Correctional Facility and that he did not receive them until after the statute of limitations expired. He also asserts that he was denied, until "after June 2009," a "transcript" of his state court proceedings, even though he "needed" it to prepare "an effective defense appeal." ([34] at 3).

On February 16, 2016, and February 25, 2016, Petitioner filed his Motions to Amend Habeas Corpus Petition. On February 29, 2016, and March 2, 2016, he filed his Motions to Hold Action in Abeyance until Petitioner can Exhaust all State Remedies. On April 29, 2016, Petitioner filed his Motions to Amend, seeking to change the party names in this action.

## II.    DISCUSSION

"Motions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), NDGa. Instead, they "should be reserved for extraordinary

circumstances." <u>Adler v. Wallace Computer Servs., Inc.</u>, 202 F.R.D. 666, 675 (N.D. Ga. 2001).

Under Rule 60(b) of the Federal Rules of Civil Procedure, the Court may grant a motion for reconsideration under the following circumstances: (1) "mistake, inadvertence, surprise, or excusable neglect," (2) newly discovered relevant evidence, (3) misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied, released or discharged, (6) the judgment is based on an earlier judgment that has been reversed or vacated, (7) applying the judgment prospectively is no longer equitable, or (8) "any other reason that justifies relief," such as "an intervening development or change in controlling law" or a "need to correct a clear error." Fed. R. Civ. P. 60(b); <u>Jersawitz v. People TV</u>, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999).

Petitioner's Motion for Reconsideration does not assert facts satisfying any of these circumstances. Petitioner repeats arguments already rejected by the Court in its September 18, 2015 Opinion and Order. Because Petitioner has not shown "extraordinary circumstances" justifying relief, his Motion for Reconsideration is denied. <u>See</u> <u>Adler</u>, 202 F.R.D. at 675 ("[A] motion for reconsideration should not be used to reiterate arguments that have been made previously, but such a motion should be reserved for extraordinary circumstances.").

6

III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration [34] is **DENIED**.

 **IT IS FURTHER ORDERED** that Petitioner's Motions to Amend Habeas Corpus Petition [35, 36] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's Motions to Hold Action in Abeyance until Petitioner can Exhaust all State Remedies [37, 38] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's Motions to Amend [39, 40] are **DENIED AS MOOT**.


**SO ORDERED** this 14th day of June, 2016.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE